**TULLIUS, In re.**

Probate Court, Muskingum County.

Nos. 3847, 3846. Decided August 17, 1955.

John J. Rericha, for Donald and William Tullius.
Frank J. Micheli, for Mr. Anderson.

## OPINION

By GARY, J.

Relator, Donald E. Tullius was arrested in Washington Township, Muskingum County and taken before a Justice of the Peace in Falls Township, where a complaint had been filed charging him with assault and battery.

Relator asked to be given a jury trial, but was given a waiver of trial by jury which he signed. Without hearing further evidence, the Justice

of the Peace found him guilty, fined him $100.00 and costs of $27.42, and upon non-payment of the fine and costs, committed him to the Muskingum County jail.

Relator, William Tullius, was likewise arrested in Washington Township, and fined by the Falls Township Justice of the Peace in the amount of $150.00 and costs of $33.26 on an assault and battery charge. However, in this case, evidence was introduced before the Justice of the Peace prior to the conviction. He was also committed to the Muskingum County jail for non-payment of the fine and costs.

Both relators contend they are unlawfully restrained of their liberty, and have filed petitions in habeas corpus praying for their release.

Relators have raised several issues in support of their petitions. They may be summarized as follows:

First: That the Justice of the Peace was without jurisdiction to hear the cases.

Second: That the Justice of the Peace was disqualified by reason of his pecuniary interest in the outcome of the proceedings.

Third: That relator, Donald Tullius, was deprived of his liberty without due process of law by reason of the fact that no evidence was introduced at his trial.

We will consider these propositions in the above order.

The jurisdiction of justices of the peace in criminal matters is set out in §2931.02 R. C., in part as follows:

"A Justice of the Peace is a conservator of the peace and has jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured, or any authorized representative of a state or federal department, in the event there is no other court of concurrent jurisdiction other than the court of common pleas, police court or mayor's court and on view or on sworn complaint to cause a person, charged with the commission of a felony or misdemeanor, to be arrested and brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance, or otherwise dispose of the complaint. * * * (continued)"

The contention has been made that the Zanesville Municipal Court is a court of concurrent jurisdiction as described in the above section. The Municipal Court Act (§1901.20 R. C.), provides:

"The court also has jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are within the county-wide jurisdiction of justices of the peace."

Sec. 2931.02 R. C. gives justices of the peace county-wide jurisdiction over eighteen specific types of cases. These are the cases which the Municipal Court act places in the concurrent jurisdiction of the Municipal Court. This does not include the offenses of assault and battery, and accordingly the justice of the peace would have jurisdiction over the relators' cases, since the complaint was filed by the injured party.

The relators also contend that the jurisdiction of the justice of the peace is limited to either the discharge or the binding over of the de-

fendants to the grand jury. This is undoubtedly true in case of a felony, but it is not true in case of a misdemeanor. The definition given in the Revised Code, §1.06 R. C., states:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors."

The offense of assault and battery is punishable by a fine of not more than two hundred dollars and imprisonment of not more than six months, or both. (Sec. 2901.25 R. C.) Since imprisonment of less than one year means imprisonment in the county jail (§1.05 R. C.), it is therefore apparent that the offense is a misdemeanor.

Sec. 2937.11 R. C., provides that if the offense charged is a misdemeanor and the accused waives a jury in writing, the magistrate may render final judgment. The justice of the peace therefore had jurisdiction to hear the cases and render judgment if properly qualified.

However, on the question of qualification we find that there is a clear cut line of decisions which hold that the justice of the peace is disqualified by reason of any pecuniary interest in the outcome of the proceedings. This doctrine was established in Ohio by the case of Tumey v. State, 273 U. S. 510, wherein it was held that the interest of a magistrate in receiving court costs in a criminal case is sufficient to disqualify him from hearing the case. In the case of In Re Canfield and Duckett, 26 NPNS 465, it was held that since the justice of the peace was disqualified, the proceedings were void ab initio, and that habeas corpus was a proper remedy for one imprisoned by virtue of such a commitment. The case of Foster v. State. 26 NPNS 476, holds that disqualification for pecuniary interest is not removed by a waiver of trial by jury.

In the almost thirty year period since the Tumey case was decided. it is rather amazing that the legislature did nothing to correct the situation until the passage of the justice of the peace salary bill this year. The fact that they did pass this bill indicates that they now have recognized the fact that it is impossible to receive an impartial trial before a magistrate whose income depends on costs received only in the event of a conviction. This law will not be effective until January 1, 1956, after which time the costs will be paid into the county treasury. In the meantime, however, justices of the peace receive the costs as their compensation.

It has been suggested that costs are usually so small as to be trifling and within the rule, de minimis non curat lex. The costs in these cases were $27.42 and $33.26, which are by no means trifling. Many men in this county do not make that much in a week. Furthermore, when it is considered that the justice of the peace has numerous cases, which, over a period of a year, would run into thousands of dollars, it can be readily seen that the pecuniary interest of the justice of the peace is direct and substantial. This would be sufficient to disqualify him in any case in which his compensation was dependent upon conviction of the accused parties. The convictions of relators were therefore void, as they were denied due process of law as guaranteed by the 14th Amendment of the United States Constitution. Their subsequent imprisonment for non-payment of fines and costs were also illegal, and they are improperly held in the county jail.

The relator, Donald E. Tullius has also raised the point that he was convicted without any evidence having been heard. The testimony at this hearing indicates that this was true, and for this reason also, relator, Donald E. Tullius, was denied due process of law and is improperly imprisoned.

The relators are ordered released.